**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **HERMOSA VILLAGE PHASE 1 HOUSING PARTNERS, L.P.,**<br><br>Plaintiff,<br><br>v.<br><br>**LAUREN ESTHER DIEGUEZ DE LEON and DOES 1-10, inclusive,**<br><br>Defendant. | Case No.: SACV 24-00075-CJC (KESx)<br><br>**ORDER *SUA SPONTE* REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Plaintiff Hermosa Village Phase 1 Housing Partners, L.P. filed this unlawful detainer action against Defendant Lauren Esther Dieguez De Leon in state court on August 10, 2023. (*See* Dkt. 1 [Notice of Removal, hereinafter "NOR"], Ex. A [Complaint].) Defendant, acting *pro se*, removed the case to this Court on January 12, 2024. (*Id.*)

    A defendant may remove a civil action filed in state court to a federal district court if the federal court would have had original jurisdiction over the action. 28 U.S.C.

§ 1441.  Federal courts have a duty to examine their subject matter jurisdiction whether or not the parties raise the issue.  *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) ("[A] district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments.").  They have subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined."  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).  Indeed, "[n]othing is to be more jealously guarded by a court than its jurisdiction."  *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotations omitted).  The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  A "court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction."  *GFD, LLC v. Carter*, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012).

It is clear that the Court lacks subject matter jurisdiction over this case.  Plaintiff's Complaint states a single claim for unlawful detainer under California law.  (Dkt. 1, Ex. A.)  It does not include any claim "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019).  Defendant contends that the Protecting Tenants at Foreclosure Act of 2009 makes the case removeable, (NOR at 2–5), but her potential defenses or counterclaims against Plaintiff are not enough to invoke this Court's subject matter jurisdiction.  *See Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 831 (2002) (explaining that the general removal statute does not permit removal

based on counterclaims); *ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (similar).

Diversity jurisdiction is also lacking. Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy requirement is not met in this case because the Complaint demands less than $10,000 in damages. (Dkt. 1, Ex. A at 3.)

Accordingly, the Court *sua sponte* **REMANDS** this case to Orange County Superior Court.

DATED: January 23, 2024

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE